# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-0566V
## Filed: June 9, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RAFAEL CORREA and ZAPHIRA BRITO, on behalf of A.C., a minor, | \* \* \* | |
| Petitioner, | \* | Damages Decision Based on Proffer; |
| v. | \* | Rotavirus Vaccine; Intussusception; |
| | \* | Surgical Intervention; Special |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* | Processing Unit ("SPU") |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.*
*Adriana Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 3, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of their minor daughter A.C. The petition alleged that A.C. suffered intussusception due to the rotavirus vaccine she received on July 3, 2012. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 4, 2015, the undersigned issued a ruling on entitlement finding petitioners entitled to compensation. (ECF No. 18) On June 8, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating that compensation should be awarded for A.C.'s actual pain and suffering and to satisfy a New York City Medicaid lien. (ECF No. 34) According to the Proffer, the aforementioned compensation should be made through a combination of a lump sum and future annuity payments. *Id.* No

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award should be made for future pain and suffering, past and future unreimbursable expenses, and lost future earnings.  *Id.*  Respondent represents that petitioners agree with the proffered award.  *Id.*

Based on the record as a whole, the undersigned finds that petitioners are entitled to the award as stated in the attached Proffer.  Thus, pursuant to the terms of said Proffer, the undersigned awards petitioners the following:

**(A) A lump sum payment of $9,189.36, representing compensation for satisfaction of a New York City Medicaid lien, in the form of a check payable jointly to petitioners and**

Department of Social Services
New York City
Human Resources Administration
Division of Liens and Recovery
P.O. Box 414799
Boston, MA 02241-4799
Case No: 717572

Petitioners agrees to endorse this payment to New York City.

**(B) An amount sufficient to purchase an annuity contract, described in the Proffer Section II.B., that will provide payments to A.C. as set forth below:**

**1.  Beginning February 28, 2030, $26,910.87 payable annually for four (4) years certain only.**

**This amount represents all elements of compensation to which A.C. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree. Should A.C. predecease any of the certain payments set forth above, said payments shall be made to her estate.  *Id*.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

RAFAEL CORREA and ZAPHIRA BRITO,
on behalf of A.C., a minor,

                  Petitioners,

     v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 15-566V
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**       **Items of Compensation**

       A.      Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, A.C. will not require future medical or rehabilitative care for her vaccine-related injury.  Therefore, respondent proffers that petitioners should not be awarded future unreimbursable expenses on A.C.'s behalf under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioners agree.

       B.      Lost Future Earnings

The parties agree that based upon the evidence of record, A.C. will not suffer a loss of earnings capacity as a result of her vaccine-related injury.  Therefore, respondent proffers that petitioners should not be awarded anticipated loss of earnings on A.C.'s behalf under 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioners agree.

C.      Pain and Suffering

The parties agree that it is unlikely that A.C.'s vaccine-related injury will cause her pain and

suffering in the future.  Respondent proffers that A.C. should be awarded compensation for actual

pain and suffering for her vaccine-related injury under 42 U.S.C. § 300aa-15(a)(4).  Such

compensation shall be in the form of an annuity as set forth in section II.B below.   Petitioners agree.

D.      Past Unreimbursable Expenses

The parties agree that based upon the evidence of record, A.C. did not incur any past

unreimbursable expenses as a result of her vaccine-related injury.  Therefore, respondent proffers that

petitioners should not be awarded past unreimbursable expenses on A.C.'s behalf under 42 U.S.C. §

300aa-15(a)(1)(B).  Petitioners agree.

E.      Medicaid Lien

Respondent proffers that A.C. should be awarded $9,189.36, which represents full

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action New York

City may have against any individual as a result of any Medicaid payments that New York City

has made to or on behalf of A.C. from the date of her eligibility for benefits through the date of

judgment in this case as a result of her vaccine-related injury suffered on or about July 3, 2012,

under Title XIX of the Social Security Act.  Such compensation shall be in the form of a lump

sum payment as forth in section II.A below.  Petitioners agree.

## II.     Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that

compensation be made through a combination of a lump sum and future annuity payments as

described below, and request that the Chief Special Master's decision and the Court's judgment

award the following:

      A.      A lump sum payment of $9,189.36, which amount represents reimbursement of a

New York City Medicaid lien, in the form of a check payable jointly to petitioners and

DEPARTMENT OF SOCIAL SERVICES
New York City
Human Resources Administration
Division of Liens and Recovery
P.O. Box 414799
Boston, MA 02241-4799
Case No: 717572.

Petitioners agree to endorse this payment to New York City.

      B.      An amount sufficient to purchase an annuity contract,[1] paid to the life insurance

company[2] from which the annuity will be purchased,[3] subject to the conditions described below,

that will provide payments to A.C. as set forth below:

      1. Beginning February 28, 2030, $26,910.87 payable annually for four (4) years
certain only.

This amount represents all elements of compensation to which A.C. would be entitled under 42

U.S.C. § 300aa-15(a).  Petitioners agree.[4]  Should A.C. predecease any of the certain payments

---

[1] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[3] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[4] At the time payment is received, A.C. will be an adult, and thus guardianship is not required.

3

set forth above, said payments shall be made to her estate.  Written notice to the Secretary of

Health and Human Services and to the Life Insurance Company shall be provided within twenty

(20) days of A.C.'s death.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

Dated: June 8. 2016